NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 20, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2537

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CR-75 JD |
| CHRISTEPHER D. HUBBARD, *Defendant-Appellant*. | Jon E. DeGuilio, *Chief Judge*. |

## O R D E R

Christepher Hubbard, a federal prisoner who suffers from respiratory conditions, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), or a home-confinement recommendation under the CARES Act, § 12003(b)(2), based on his susceptibility to complications from COVID-19. The district court denied his motion on

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

grounds that he had not shown extraordinary and compelling reasons for a sentence reduction. The court did not abuse its discretion, and so we affirm.

In his May 2020 pro se motion, Hubbard asserted that he suffered from acute pulmonary histoplasmosis (a respiratory infection caused by inhaling the spores of a certain fungus) and asthma. He argued that these conditions placed him at a high risk of severe complications from COVID-19, from which an inmate at his prison, the Federal Correctional Institution in Terre Haute, Indiana, had already died. At the time of the motion, Hubbard had served about seven months of his 33-month sentence for possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1).

The district court denied Hubbard's motion. After observing that Hubbard had satisfied the exhaustion requirement, the court found that Hubbard's medical records did not support his contention that he still suffered from pulmonary histoplasmosis. Although he had been diagnosed with the acute form of the condition in the past, a May 2020 X-ray showed that his lungs were "clear" and without infection. And Hubbard, the court noted, managed his asthma with inhalers and medication. Further, guidance from the Centers for Disease Control and Prevention suggested that asthma could cause increased risk of severe illness from COVID-19 if moderate to severe; Hubbard's was not. Therefore, the court concluded, Hubbard lacked an extraordinary and compelling reason warranting release from prison.

On appeal, Hubbard maintains that his asthma and acute pulmonary histoplasmosis justify compassionate release because they create an unacceptable risk of complications from contracting COVID-19. But our review is only for an abuse of discretion, and the district court permissibly rejected that argument. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). As the court explained, Hubbard failed to establish that he has chronic pulmonary histoplasmosis, rather than an acute case that is now resolved. And although moderate-to-severe asthma may increase the chance of severe illness from COVID-19, *People at Increased Risk and Other People Who Need to Take Extra Precautions: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last viewed May 7, 2021), the court adequately considered Hubbard's medical records, which indicated that he had an asthmatic cough and mild wheeze only occasionally, when determining that he did not have extraordinary and compelling reasons for compassionate release.

Hubbard also asserts for the first time that his release is warranted because of chronic obstructive pulmonary disease (COPD), a condition that the CDC has determined heightens the risk of complications from the virus. *Id*. (While COPD appears similar to asthma, it is distinct. *See* Annelies Slats & Christian Taube, *Asthma and chronic obstructive pulmonary disease overlap: asthmatic chronic obstructive pulmonary disease or chronic obstructive asthma?*, Therapeutic Advances in Respiratory Disease, Nov. 22, 2015, at 57.) Hubbard waived this argument when he failed to rely on a COPD diagnosis in the district court, and so we do not consider it in the first instance. *See In re Veluchamy*, 879 F.3d 808, 821 (7th Cir. 2018).

We have considered Hubbard's remaining arguments, and none has merit.

AFFIRMED